******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ALVORD, J., dissenting. I agree with the majority's statutory interpretation of General Statutes (Rev. to 2005) §§ 7-24 (d) and 47-12a.[1] I disagree, however, with the majority's conclusion that the partial summary judgment rendered by Judge Domnarski and the declaratory judgment rendered by Judge Vacchelli on the second count of the complaint should be affirmed. I dissent because the defendants[2] raised special defenses to the plaintiff's mandamus action that were not addressed by the trial court, and, accordingly, I would reverse the judgments in part and remand the case to the trial court for further proceedings.

The plaintiff filed his motion for partial summary judgment on March 11, 2011, claiming that the court needed only to determine that the affidavit at issue complied with the provisions of §§ 7-24 (d) and 47-12a in order to grant the mandamus relief requested in his complaint. During the hearing before Judge Domnarski on June 6, 2011, the plaintiff argued that the extensive litigation history between the parties and the defendants' allegations with respect to the plaintiff's improper motive for filing the affidavit were irrelevant to his request that the court order the town clerk to record the affidavit. The plaintiff's counsel stated: "It's simply a matter of law . . . whether or not the document has a right to be recorded as a matter of law. There's no question of fact, it's a question of law."

The defendants, who had filed eleven special defenses to the plaintiff's complaint,[3] disagreed and responded that it was the plaintiff's burden to show that he was entitled to the extraordinary remedy of mandamus. The defendants' counsel argued: "I think the scope of the inquiry goes beyond just looking at the statutes that [the plaintiff's] counsel has mentioned, [§§] 47-12a and 7-24, because, again, there's a history here. Also, as Your Honor has pointed out, the remedy that he has requested at this point is an extraordinary remedy, that's the remedy of mandamus. . . . This remedy invokes the equitable powers of the court. And Your Honor's already observed that [the plaintiff's] *counsel is unable to give you a case that says that it is appropriate to decide a request for such an extraordinary remedy by way of a summary judgment motion.*

"Because by invoking the equitable power of the court, among other things, the court has to look at whether or not the plaintiff comes into the court with clean hands. Hence, those materials that I delivered to you this morning and have already given to plaintiff's counsel. They relate to tactics that were utilized by the same two parties in interest[4] with respect to their properties in Simsbury that involved tax avoidance

motives and . . . the reason we're giving them to the court is to show that the plaintiffs are not, in fact, coming into this court with clean hands, and that there's the same ulterior motive here which is a tax avoidance plot." (Emphasis added.)

The court responded: "All right, so you're talking about clean hands, but in the back of my mind, mandamus is to compel a ministerial act. How do clean hands get involved with: You got to do your job?" At the conclusion of the hearing, the court indicated that it would research the matter.

On August 3, 2011, Judge Domnarski filed a memorandum of decision in which the court granted the plaintiff's motion for partial summary judgment (first and second counts) and issued a writ of mandamus ordering the town clerk to record the original affidavit in the East Granby land records. In that decision, Judge Domnarski stated: "To be clear, this is not a ruling on the legal consequences of the affidavit upon the title to the subject land. *The court only determines here that the affidavit complies with § 47-12a and that it is required by law to be recorded.* The effect, if any, of the affidavit upon any future proceedings must be determined in those proceedings." (Emphasis added.) The defendants moved for reargument, claiming that the court overlooked the doctrine that a plaintiff must come into court with clean hands in order to invoke the equitable powers of the court. Judge Domnarski denied the motion to reargue on August 26, 2011, and the defendants filed a notice of their intent to appeal pursuant to Practice Book § 61-5.

Judge Vacchelli tried the remaining issues on November 6, 7 and December 18, 2012. In the second count of the complaint, the plaintiff, in addition to his request for a writ of mandamus, sought a declaratory judgment that the former town clerk violated the provisions of § 7-24 by refusing to record the affidavit at issue. In the third count, the plaintiff sought a declaratory judgment that the town attorney did not have the authority to order the town clerk to violate § 7-24. Finally, in the fourth count, the plaintiff sought exemplary damages against the former town clerk and the town attorney for "wilful, wanton and malicious conduct" in "denying plaintiff his rights to have the affidavit recorded." Judge Vacchelli applied the "law of the case" with respect to the second count, finding that Judge Domnarski had decided that exact issue when he had rendered the partial summary judgment. Accordingly, Judge Vacchelli rendered judgment in favor of the plaintiff on the second count. With respect to the third and fourth counts of the plaintiff's complaint, Judge Vacchelli rendered judgment in favor of the defendants. In the court's memorandum of decision, the court expressly stated: "Having found for the defendants on the issues not controlled by previous rulings in the case, *it is unneces-*

*sary to address the defendants' specific special defenses or any other defense pleaded or argued.*" (Emphasis added.)

In this appeal from the partial summary judgment rendered by Judge Domnarski and the declaratory judgment in favor of the plaintiff on the second count rendered by Judge Vacchelli, the defendants claim, inter alia, that the trial court improperly rendered the judgments because there was "an issue of fact as to whether . . . the plaintiff was proceeding with clean hands and accordingly entitled to the equitable relief requested." I agree. The defendants never were given the opportunity to present evidence on their claim that the plaintiff came to court with unclean hands, as alleged in their tenth special defense and as argued at the time of oral argument on the plaintiff's motion for partial summary judgment.[5] When Judge Vacchelli tried the remaining issues, he applied the law of the case and rendered a declaratory judgment in favor of the plaintiff on the second count because Judge Domnarski had determined that the affidavit was entitled to be recorded in the land records as a matter of law. The defendants again were denied the opportunity to prove their special defenses to the first and second counts of the complaint at the subsequent trial before Judge Vacchelli.

The standard of review with respect to the issuance of a writ of mandamus is well settled. "In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . Nevertheless, this court will overturn a lower court's judgment if it has committed a clear error or if it has misconceived the law. . . .

"A writ of mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . [The court's discretion] will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Citations omitted; internal quotation marks omitted.) *Jalowiec Realty Associates, L.P.* v. *Planning & Zoning Commission*, 278 Conn. 408, 412, 898 A.2d 157 (2006).

"There is authority for the proposition that, even when a plaintiff has a clear legal right to the writ, principles of equity and justice may militate against its issuance. Courts have discretion to consider equitable principles when deciding whether to issue the writ. . . . The writ [of mandamus] will be granted to prevent

a failure of justice, but never to promote manifest injustice. *It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public and private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. The relator must come into court with clean hands. . . .* This equitable discretion is exercised in instances wherein the party seeking the writ has engaged in improper conduct or otherwise has violated equitable principles." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 418–19.

The defendants in the present case alleged, although they have never been afforded the opportunity to present evidence to prove, that the plaintiff's motive for filing the affidavit was to impede or delay the payment of municipal taxes on the subject real estate and personal property. The plaintiff, as the affiant, averred that he and Walter McCue were the trustees of the trust that held title to the subject real estate in East Granby. The plaintiff further averred that McCue died and the trust was terminated. The defendants have conceded that the foregoing information is appropriate in an affidavit filed pursuant to § 47-12a. It is paragraph six of the affidavit, however, that the defendants claim is meant to obfuscate title and thwart efforts by East Granby to collect taxes. In paragraph six of his affidavit, the plaintiff averred that "[o]n December 7, 1998, the Trust executed a deed conveying the aforesaid real estate, but to the undersigned's knowledge that deed has not been recorded." The plaintiff, who was the sole remaining trustee of the trust that allegedly conveyed the property, would not disclose who the grantee was, thereby leaving unknown the identity of the current title holder of the property. What is the purpose for including paragraph six in the affidavit? What legitimate reason could the plaintiff possibly have for attesting that he, as the trustee, conveyed the property, followed by his refusal to identify the person to whom he conveyed the property?

In the documents submitted with the defendants' opposition to the plaintiff's motion for partial summary judgment, there are copies of pleadings from a tax foreclosure action involving property in Simsbury. The defendants claimed that the plaintiff and McCue were trustees of a trust owning the Simsbury property, that the plaintiff claimed that the trust conveyed the property and was terminated, and that the plaintiff failed to disclose in the Simsbury land records the grantee of that conveyance. The plaintiff then filed a notice of defense in the Simsbury action claiming that he had no interest in the property and was not liable for the taxes. According to the defendants, the pleadings filed by the plaintiff in the Simsbury action, and in a prior tax fore-

closure action involving the subject property in East Granby, evidenced a pattern of ongoing attempts to evade or delay the payment of taxes. To be sure, it would be the defendants' burden to prove that the plaintiff's request for mandamus in the present case should be denied because he did not have clean hands when he came into court. Judge Domnarski, however, in rendering the partial summary judgment, precluded that opportunity and simply concluded that the affidavit met the statutory requirements and had to be accepted for recording in the land records.

It is axiomatic that summary judgment shall be rendered only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Simply put, there was a material issue of fact as to whether the plaintiff had clean hands to seek the extraordinary remedy of mandamus.[6] Although I do not disagree that, strictly speaking, the affidavit conforms to the provisions of §§ 7-24 and 47-12a, I do not believe that mandamus would be an appropriate remedy if the defendants prove that the plaintiff's purpose in filing the affidavit was to further a scheme of tax avoidance. A writ of mandamus "may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public and private mischief . . . ." (Internal quotation marks omitted.) *Jalowiec Realty Associates, L.P.* v. *Planning & Zoning Commission*, supra, 278 Conn. 419.

For these reasons, I would reverse the partial summary judgment rendered by Judge Domnarski and the declaratory judgment in favor of the plaintiff on the second count rendered by Judge Vacchelli[7] and remand the case to the trial court for further proceedings. Accordingly, I respectfully dissent.

[1] Hereinafter, all references to §§ 7-24 and 47-12a are to the 2005 revision of the statute.

[2] The defendant Donald R. Holtman was the town attorney for the town of East Granby when the plaintiff, Charles S. Silver, attempted to record the affidavit at issue in this appeal. The defendant Elizabeth W. Birmingham was the town clerk at the time, and was succeeded by the defendant Sheila M. Bailey..

[3] Of the eleven special defenses, two are particularly relevant to the defendants' claims on appeal. The defendants alleged that the plaintiff's purpose for filing the affidavit was "to obfuscate rather than clarify title" and that the plaintiff was "precluded from seeking a writ of mandamus because of the equitable doctrine of unclean hands."

[4] See footnote 2 of the majority opinion.

[5] The majority states that the trial court received evidence in the form of attachments to the defendants' opposition to the plaintiff's motion for partial summary judgment. There was no evidentiary hearing at the time the motion for partial summary judgment was argued by counsel. The defendants did not have a full and fair opportunity to present testimony and documentary evidence to prove their special defense of unclean hands. Judge Vacchelli simply adopted Judge Domnarski's ruling as the law of the case, even though there had been no evidentiary hearing on the defendants' claim of unclean hands, thereby perpetuating the error.

The majority agrees with the trial court that the legal effect of the § 47-

12a affidavit could be determined in another proceeding. This mandamus action, however, is an equitable proceeding in which the special defense of unclean hands should have been addressed. There is no need for yet another proceeding between these parties.

[6] The majority "conclude[s] that the doctrine of unclean hands is not applicable to this case." It is my position that the applicability of the doctrine of unclean hands is a factual determination to be reached by the trial court after evidence is presented at trial, and that the defendants should not have been foreclosed from presenting such evidence to prove their special defense.

[7] Judge Vacchelli should not have applied the law of the case doctrine in this case because the rendering of the partial summary judgment by Judge Domnarski was "clearly erroneous and would work a manifest injustice if followed . . . ." (Internal quotation marks omitted.) *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 697, 620 A.2d 780 (1993).